SILVERMAN SHIN & BYRNE PLLC
WALL STREET PLAZA
88 PINE STREET
22ND FLOOR
New York, NY 10005
212.779.8600
Facsimile 212.779.8858

**New Jersey**
19 Engle Street
Tenafly, NJ 07670
201.567.4969

September 17, 2021

**VIA ECF**
U.S. Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 504N
Brooklyn, NY 11201

Re: *Navigator Business Services LLC v. Chen, et ano.*
EDNY Case No. 20-cv-6159 (AMD) (MMH)

Dear Judge Henry:

We represent Plaintiff Navigator Business Services LLC in the above-referenced action. We write jointly with William Zou, Esq., counsel for all Defendants, pursuant to the Order of July 23, 2021 (the "Order") which, among other things, required the parties to file a joint status letter today "certifying the close of discovery and the status of settlement negotiations", and directed that "discovery shall be completed on or before September 17, 2021."

Written party discovery was exchanged without issues more than one month ago. Today Defendants' counsel communicated Defendants' intention to seek 45 days of extension of time to complete depositions and settle transcripts. Plaintiff opposes Defendants' eleventh hour request for an extension of the discovery deadline by 45 days to take depositions and settle transcripts. The parties' positions are outlined below.

**Plaintiff's Position**

During the July 23, 2021 status conference, Your Honor asked counsel for the parties if extending the discovery deadline to September 17, 2021 would provide sufficient time to complete discovery, including any depositions. Defendants' counsel did not object. On August 13, 2021, in compliance with the Order, Plaintiff timely served its document production and responses to Defendants' belatedly served discovery requests.[1] In the intervening time, Defendants did not make any effort to contact us regarding discovery in this action, much less

[1] Defendants did not and have not raised any issues with respect to Plaintiff's discovery responses.

U.S. Magistrate Judge Marcia M. Henry
September 17, 2021
Page 2

communicate an intention to seek depositions, until today—and then only in response to our e-mail requesting that he contact us regarding today's deadline in the Order.[2]

As discussed during the July 23, 2021 status conference, Plaintiff intends to expeditiously move for partial summary judgment on its claims for breach of the guaranty agreements. These claims are straightforward and further discovery is not necessary to resolve the claims relating to the guaranty agreements. More importantly, Plaintiff learned that during the pendency of this action, Defendant Aiguang Chen, with the aid of Mr. Zou, transferred certain real property, believed to have an aggregate fair market value in excess of $4,000,000, to third parties for no consideration. As a result, Plaintiff has filed two fraudulent conveyance actions in regards to these transfers, both of which are before Your Honor. These conveyances, made mere days after Defendants' counsel wrote to us that a refinancing of the underlying mortgage loan had been withdrawn, make it all the more imperative for Plaintiff not to be delayed in seeking summary judgment on its claims for breach of the guaranty agreements. And, because Defendants have failed, as required under the guaranty agreements, to provide a list of their assets and property, Plaintiff is not in a position to determine whether additional fraudulent conveyances have been made which may require injunctive relief.

Defendants have already delayed discovery in this action, first by serving their responses to Plaintiff's discovery one month after they were due, and then by serving their discovery requests more than two months late. Moreover, this Court indicated to Mr. Zou during the July 23 Conference that discovery issues should be raised with the Court in advance of discovery deadlines—which Defendants failed to do yet again. In light of the foregoing, Defendants have not acted in good faith to comply with their discovery obligations or "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Their attempt to extend the discovery deadline on the day discovery was ordered to be complete should not be permitted.

To date, Defendants have not made a settlement offer. In light of the fact that one defendant is believed not to have any substantial assets, and the other defendant transferred realty worth more than $4,000,000 for no consideration, any offer would be of dubious value unless it was collateralized by the fraudulently transferred realty.

**Defendants' Position**

This is Defendant's first request for an extension of the discovery deadline to so that the Defendants can take depositions of the Plaintiff. The Initial Conference Questionnaire is clear that both parties might take depositions. Plaintiff should not be surprised that Defendants intend to take depositions. Without depositions, there will not be a fair trial. Especially one of the defense is that the Plaintiff acted in bad faith when negotiating and entering into a Forbearance Agreement wherein the Plaintiff induced the underlying borrower to make substantial payments by promising to sign such Forbearance Agreement, however, after the underlying borrower

---

[2] Mr. Zou's statement in "Defendants' Position" that he has been requesting a meet and confer with regards to this action since September 8, 2021 is not true. Mr. Zou requested a meet and confer by email on September 7, 2021 to discuss solely "the merits of the third action" commenced by Plaintiff and such meet and confer would not be related in any way to the discovery in this matter.

U.S. Magistrate Judge Marcia M. Henry
September 17, 2021
Page 3

signed and made such payments, Plaintiff continued to induce the underlying borrower to make more payments by stating it had already signed the Forbearance Agreement when it did not and never released a fully signed Forbearance Agreement to the underlying borrower, causing the underlying loan not paid in full. The circumstance around such Forbearance Agreement can only be discovered through depositions. I have been requesting Plaintiff's counsels for a "meet and confer" phone conference to discuss the two new actions commenced by the Plaintiff and this action since September 7, 2021 but to no avail[3]. As of this date, there is no discussion of settlement from the Plaintiff other than a simple demand email. There is no prejudice to grant the extension. Plaintiff's two new legal actions have no merits, the transfers made by Mr. Chen was conducted at his normal course of business and at his own discretion without any advice from my office. My office simply recorded the transfer documents. In addition, I have already filed a request to pre-motion conference to dismiss the second action and will file a similar request to dismiss the third action.

Plaintiff's remedy is to commence a foreclosure action against the underlying borrower and real property, its interest and claims are secured by a mortgage and a real property with adequate equity. Instead, Plaintiff commenced this action to circumvent the foreclosure moratorium placed by the New York State which is effective until January 15, 2022. Plaintiff is already in an advantageous position than numerous other lenders in New York State, there is no prejudice to grant the extension of discovery for a mere 45 days.

There is no delay in this proceeding either. Plaintiff commenced this action on December 20, 2020. The parties commenced discovery proceeding as of April 26, 2021. In mere 4 months, the parties completed documents exchange and interrogatories. In the interim, Plaintiff commenced two new legal actions wherein motion practice is engaged. Defendants have consistently worked in good faith with Plaintiff's ambitious discovery plan, but were sidetracked by the two new legal actions commenced by the Plaintiff.

Defendants respectfully request the discovery deadline be extended for 45 days, Defendants be allowed to take depositions of the Plaintiff. Since the Plaintiff is not seeking to take deposition of the Defedants, Defendants respectfully request the Plaintiff be deemed to have waived taking deposition of the Defendants.

Respectfully,

*/s/ Bonnie D. Espino*

_____

Bonnie D. Espino, Esq.

---

[3] In footnote 2, Ms. Espino's interpretation of my email of 9/7/2021 is not correct, I do not need a "meet and confer" to discuss merits, what I requested is a "meet and confer" to discuss all the cases, however Plaintiff's counsels were either on holidays, vacation or unavailable. We were not able to have a "meet and confer" till this date.

U.S. Magistrate Judge Marcia M. Henry
September 17, 2021
Page 4

                                                         */s/ William X. Zou*

                                                         William X. Zou, Esq.

cc: Donald F. Schneider, Esq. (via ECF)